**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **INTERNATIONAL INSURANCE COMPANY OF HANNOVER**,<br><br>Plaintiff,<br><br>v.<br><br>**ACW CONSTRUCTION, INC., A CALIFORNIA CORPORATION,** *et al.***,**<br><br>Defendants. | Case No. 15-cv-00544-YGR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 37, 38 |

Plaintiff International Insurance Company of Hannover ("Hannover") brings this declaratory action against defendants ACW Construction, Inc. ("ACW") and Richard Andrews and Rebecca Andrews (together, the "Andrews" or "individual defendants"), seeking to establish that it has no duty to defend or indemnify defendant ACW in an underlying state court suit brought by the Andrews against ACW. Defendant ACW filed first amended counterclaims against Hannover for breach of contract and breach of the covenant of good faith and fair dealing.

Pending before the Court are Hannover's and ACW's cross motions for summary judgment on coverage. (Dkt. Nos. 37, 38.) Specifically, the parties moved for judgment as a matter of law on whether the insurance policy's cross suits exclusion applies to the claim at issue. Having carefully considered the papers submitted and the pleadings in this action, for the reasons set forth below, the Court hereby **DENIES** plaintiff Hannover's motion for summary judgment and **GRANTS** defendant ACW's motion for summary judgment.

**I.     BACKGROUND**

**A.  Factual And Procedural Overview**

The following facts are undisputed. This case arises out of an insurance dispute between plaintiff Hannover and defendant ACW, with respect to plaintiff's duty to defend and indemnify ACW for claims asserted against it by the Andrews in a case pending in the Superior Court of

Placer County, *Andrews v. ACW Construction, Inc.*, No. SCV0035374.  (Joint Stipulated Statement of Facts, Dkt. No. 35, at JSF[1] 14.).  At issue is the interpretation of a general liability policy of insurance issued by Hannover to ACW on June 4, 2012 (the "Policy") with a policy period of May 20, 2012 to May 20, 2013.  (JSF 8.)

The Andrews incorporated ACW in 2000 to engage in business as a licensed California Contractor, and have since served as chief executive officer and vice-president/secretary of ACW, respectively.  (JSF 1-2.)  On May 7, 2012, defendant Rebecca Andrews, in her individual capacity, entered into a contract with ACW for ACW to perform construction-related activities on a custom home being built on property jointly owned by the individual defendants.  (JSF 5-6.)  Richard Andrews signed the contract on behalf of ACW.  (JSF 5.)  On June 7, 2012, an unknown employee of ACW allegedly left stain-soaked rags under a deck adjacent to the subject property, and that same day a fire burned down the individual defendants' custom home and an adjacent structure.  (JSF 11-12.)

The underlying state court action is brought by the individual defendants in their individual capacities against ACW for breach of the duty of care in work done by ACW on the subject property, which allegedly resulted in the fire.  (JSF 14.)  Prior to initiation of the underlying lawsuit, ACW submitted a claim to Hannover under the Policy for the Andrews' claim.  (JSF 13.)  Hannover denied coverage based, in part, on the Policy's cross suits exclusion.  (*Id.*)  Then, on October 21, 2014, the Andrews filed the state court action against ACW to recover for their loss.  (JSF 14.)  Although Hannover maintains that the Policy does not provide coverage for this claim, Hannover thereafter informed ACW that it would defend ACW in the underlying lawsuit under a reservation of rights.  (JSF 15.)

Hannover brought the instant action to seek this Court's determination that the terms of the Policy do not prescribe a duty to defend or indemnify the insured under these circumstances, and reimbursement for expenditures in the underlying state court action to date.

---

[1] All references to the parties' Joint Statement of Stipulated Facts, or "JSF," refer to the fact number stated therein as well as the supporting evidence cited therein for that fact.

**B. The Policy Provisions**

Because this is a coverage dispute, the terms of the Policy are of central importance to the Court's review. The parties do not dispute whether this type of loss is generally covered by the Policy. Instead, Hannover alleges that the Policy's "cross suits" exclusion precludes coverage here. The cross suits exclusion provides, in pertinent part:

> The coverage afforded by this policy does not apply to a claim for damages arising out of "Bodily Injury," "Property Damage," "Personal Injury" or "Advertising Injury" as defined herein, which is initiated, alleged, or caused to be brought about by a Named Insured and/or **an insured covered by this policy**, against any other Named Insured and/or insured covered by this policy.

(JSF 9) (Emphasis supplied.) Thus, where a claim is made by *and* against a Named Insured and/or insured, the cross suits exclusion bars coverage. Here, the claim is indisputably made *against* the only Named Insured – ACW. To determine whether this claim is also made *by* insureds,[2] the Policy's insuring clause instructs, in pertinent part:

> Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

(JSF 10.)

The parties seek the Court's interpretation of these terms and an ultimate determination of whether the cross suits exclusion bars coverage. Hannover posits that the Andrews are "insureds" under the Policy, and consequently ACW's claim is barred from coverage. ACW disagrees.

**II. LEGAL STANDARD ON SUMMARY JUDGMENT**

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case.

---

[2] The Policy does not list the Andrews as Named Insureds. (*See* Dkt. No. 35-2, Policy at 3.)

3

1  *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is
2  "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving
3  party.
4        On an issue where the nonmoving party will bear the burden of proof at trial, the moving
5  party can prevail merely by pointing out to the district court that there is an absence of evidence to
6  support the nonmoving party's case.  *Celotex*, 477 U.S. at 324-25; *Soremekun v. Thrifty Payless,*
7  *Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the moving party meets its initial burden, the opposing
8  party must then set out specific facts showing a genuine issue for trial in order to defeat the
9  motion.  *Anderson*, 477 U.S. at 250; *Soremekun*, 509 F.3d at 984; *see* Fed.R.Civ.P. 56(c), (e).  The
10  opposing party's evidence must be more than "merely colorable" but must be "significantly
11  probative."  *Anderson*, 477 U.S. at 249-50.  Further, that party may not rest upon mere allegations
12  or denials of the adverse party's evidence, but instead must produce admissible evidence showing
13  there is a genuine dispute of material fact for trial.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,*
14  *Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).  Disputes over irrelevant or unnecessary facts will
15  not preclude a grant of summary judgment.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
16  809 F.2d 626, 630 (9th Cir. 1987).
17        Nevertheless, when deciding a summary judgment motion, a court must view the evidence
18  in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor.
19  *Anderson*, 477 U.S. at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir. 2011).  A
20  district court may only base a ruling on a motion for summary judgment upon facts that would be
21  admissible in evidence at trial.  *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir.
22  2010); Fed.R.Civ.P. 56(c).
23      **III.**    **DISCUSSION**
24        Hannover and ACW both move for summary judgment on the single issue of whether the
25  cross suits exclusion applies here.  Hannover, as the insurer seeking to enforce an exclusion from
26  coverage, would have the burden at trial to show that the cross suits exclusion applies.  *MacKinnon*
27  *v. Truck Ins. Exchange*, 31 Cal.4th 635, 648 (2003) ("the burden is on the…insurer to establish
28  that the claim is specifically excluded").  Thus, Hannover has the burden on summary judgment to

4

1  offer undisputed facts showing that the Andrews are "insureds" under the Policy such that the
2  cross suits exclusion should apply to their claim for the loss at issue. *Celotex Corp. v. Catrett*, 477
3  U.S. 317, 322-23 (1986). On the other hand, ACW can prevail on its motion for summary
4  judgment by establishing an absence of facts that would make the cross suits exclusion apply. *Id.*

### A. Interpretive Principles Dictate Coverage

Interpretation of the Policy is an issue of law guided by California's general rules of contract interpretation. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 18 (1995) ("When determining whether a particular policy provides a potential for coverage and a duty to defend, we are guided by the principle that interpretation of an insurance policy is a question of law"). "The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the 'mutual intention' of the parties." *Id.*; Cal. Civ. Code § 1636. That mutual intention, where possible, should be inferred exclusively from the written provisions in the contract. Cal. Civ. Code § 1639; *Waller*, 11 Cal.4th at 18; *Gemini Ins. Co. v. Delos Ins. Co.*, 211 Cal.App.4th 719, 722 (2012). "The clear and explicit meaning of those provisions, interpreted in their ordinary and popular sense, controls." *Gemini*, 211 Cal.App.4th at 722. Where the contractual language is clear on its face, the analysis stops there and goes no further. Cal. Civ. Code §§ 1638-39; *Dore v. Arnold Worldwide, Inc.*, 39 Cal.4th 384, 392-93 (2006).

Here, the cross suits exclusion only applies if the claim is brought by an insured. (JSF 9.) The Policy's insuring clause designates the Andrews as insureds in their roles as officers and directors, but "*only with respect to their duties as [ACW's] officers or directors*." (JSF 10) (Emphasis supplied.) Similarly, the Andrews are insureds as stockholders in ACW, but "*only with respect to their liability as stockholders*." (*Id.*) (Emphasis supplied.) Thus, the express insurance qualifications explicitly limit the Andrews' status as insureds under the Policy to their official capacities as officers or stockholders of ACW.

Hannover argues that summary judgment in favor of ACW is inappropriate because "ACW cannot meet its burden…to establish that the Andrews lacked duties in connection with the Construction Contract or the contracted construction work." Hannover misunderstands the parties' burdens. Hannover seeks to enforce an exclusion and therefore bears the burden on that

5

issue. *MacKinnon*, 31 Cal.4th at 648 (insurer bears the burden to show an exclusion applies). By contrast, ACW need only show an absence of evidence to support Hannover's claim. *See Celotex*, 477 U.S. at 324-25; *Soremekun*, 509 F.3d at 984.

On this point, Hannover raises two arguments. First, Hannover argues that Richard Andrews is an insured under the Policy because he signed the construction contract on behalf of ACW, implicating his duties as an officer of ACW. However, the underlying lawsuit is for negligence against ACW and does not in any way relate to the contract or Richard Andrews' official duties in executing it. *See Gemini*, 211 Cal.App.4th at 723 (holding that a similar cross suits exclusion did not bar coverage of an additional insured's claim against the Named Insured where the additional insured did not face liability *with respect to that same claim*). Consequently, Hannover's argument that Richard Andrews is an insured does not persuade or create a triable issue of fact. The cross suits exclusion does not apply simply because Richard Andrews has the potential of coverage as an insured on a different type of claim.

Hannover next argues that the Andrews are insureds because they potentially face liability in their official capacities in the underlying state court action as DOE defendants. The Court disagrees. In California, a plaintiff may name a DOE defendant when a plaintiff is ignorant of the name of a potential defendant. Cal. Code Civ. P. § 474. It strains reason to suggest that the Andrews were ignorant of their own identities as officers or stockholders of ACW.

In sum, Hannover has introduced no evidence that the underlying state court complaint implicates the Andrews' duties as officers or directors, or their liability as stockholders. *See MacKinnon*, 31 Cal.4th at 648. The underlying claim is predicated wholly upon alleged negligence by ACW's employees, and not officer, director and/or stockholder liability. (JSF 14.) Consequently, the Andrews unquestionably bring this claim against ACW in their individual capacities as homeowners. (*See id*.) Given the express language in the insuring clause, a plain reading of the contractual language shows the Andrews are not insureds for purposes of this claim, and their claim is not barred by the cross suits exclusion. *See Gemini*, 211 Cal.App.4th at 723.

Because the Policy language presents no ambiguity with respect to whether the cross suits exclusion applies, the clear terms of the Policy must govern. *See Dore*, 39 Cal.4th at 391 (noting

1  that policy language cannot be ambiguous on its own, but might only be ambiguous applied to
2  certain circumstances). Accordingly, the Court is compelled to hold that the cross suits exclusion
3  does not preclude coverage for the claim against ACW in the underlying state court action.

### B. Hannover's Arguments Against a Literal Interpretation

Hannover appeals to the Court's common sense, suggesting that ACW should not be allowed to use a liability policy to insure itself against claims brought by its sole owners and directors. After all, the very purpose of liability insurance is to protect against a "claim by someone not under the control the insured himself. By contrast, people buy casualty insurance against the risks created by their own bad luck or carelessness." *Biltmore Associates, LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 668 (9th Cir. 2009). The Court agrees that cross suits exclusions are generally intended to prevent collusive suits between insureds. *See id* at 668-69. Ultimately, however, Hannover failed to draft policy language that would bar coverage of this claim. The Policy's language does not exclude this claim, much less clearly and unmistakably so. *MacKinnon*, 31 Cal.4th at 648 ("The exclusionary clause must be conspicuous, plain and clear"). As a result, the Court is bound to enforce the straight-forward reading of the Policy affording coverage. *See* Cal. Civ. Code § 1639; *Waller*, 11 Cal.4th at 18; *Gemini*, 211 Cal.App.4th at 722.

Because Hannover cannot rely on the plain language of the Policy, it instead proposes two independent reasons that the cross suits exclusion should nonetheless be enforced. Namely, Hannover contends that: (1) California does not recognize capacity limitations when construing cross suits exclusions; and (2) the cross suits exclusion should be enforced to avoid an absurd result. The Court addresses each in turn below.

#### 1. The "Dual Capacity" Argument

Hannover asks the Court to ignore the personal capacity in which the Andrews bring the claim because, in its view, California does not recognize capacity limitations in cross suits exclusions. ACW argues in opposition that the cases relied on by Hannover are inapplicable because they involved significantly different policy language. The Court agrees.

In *American Medical Intern., Inc. v. Nat'l Union Fire Ins. Co.*, a former director of a company sued a current director for treating the former director's bid to buy the company with

7

1    animus.  244 F.3d 715 (9th Cir. 2001).  The company's liability insurer denied coverage based on
2    the policy's cross suits exclusion.  When litigating coverage, the company argued that the
3    exclusion did not apply because the former director was not suing in his official capacity as a
4    former director, but rather as a bidder.  There, as here, the policy's insuring clause contained a
5    capacity limitation with respect to the liability of directors as insureds.  Significantly, however, the
6    cross suits exclusion in *American Medical* applied not only to claims brought by an insured as
7    defined in the insuring clause, but also to claims brought by "one or more past, present or future
8    directors," without limitation.  *Id*. at 719.  Based thereon, the court rejected the company's
9    argument that the capacity limitation in the insuring clause should be read into the cross suits
10   exclusion such that it would only bar coverage of claims brought by a former director in his
11   official capacity.  *Id.* at 722.  Focusing on the policy's language, the court noted: "[g]iven the
12   considerable effort to limit coverage for claims against insured individuals to claims concerning
13   actions they took in an official capacity, we find the absence of a similar limitation pertaining to
14   the claiming aspect of the exclusion particularly telling."  *Id*.   In that regard, the Ninth Circuit
15   explicitly distinguished the policy in *American Medical* from a Third Circuit case in which the
16   underlying policy "specifically defined the parties on both sides of the 'insured-versus-insured'
17   equation in terms of the 'scope of their official duties.'"  *Id*. at 723 (quoting *Township of Center v.
18   First Mercury Syndicate, Inc.*, 117 F.3d 115, 117 (3d Cir. 1997)).  So too here.  Unlike in
19   *American Medical* – and like in *Township of Center* – the cross suits exclusion here does not
20   broadly bar claims brought by directors, irrespective of their capacity.  Instead, the Policy
21   excludes claims brought by an "insured," a term explicitly limited in terms of capacity.
22   Consequently, the cross suits exclusion must be so limited.

23           Similarly, in *Montgomery v. California Accountants Mut. Ins. Co.*, an insurer denied
24   coverage of a claim brought by a prospective partner based on a cross suits exclusion that barred
25   coverage for claims made by "any insured or a present, former or prospective employer, proprietor
26   or partner." 61 Cal.App.4th 854, 857 (1998).  As in *American Medical*, the insured made a dual
27   capacity argument.  There, the court also found that the policy language clearly intended the
28   exclusion to apply to claims brought by a prospective partner regardless of the capacity in which

8

they were suing. *Id*. at 860. The exclusion was triggered simply because the claimant was a prospective partner – as listed in the cross suits exclusion – rendering the capacity limitation in the insuring clause irrelevant. *Id*.

Accordingly, Hannover's reliance on *American Medical* and *Montgomery* is misplaced. Contrary to Hannover's assertion, these cases are limited to their facts; they do not stand for the proposition that capacity limitations in cross suits exclusions are not recognized in California. *Id*. Had Hannover included similarly broad language in the Policy's cross suits exclusion to bar claims brought by any "past, present or future directors" of ACW, the result would be different.

### 2. The "Absurd Result" Argument

Hannover argues that the cross suits exclusion must be construed in light of the remainder of the Policy to avoid an absurd result. *See Gemini*, 211 Cal.App.4th at 724 (refusing to adopt interpretation of cross suits exclusion that would lead to an absurd result). In particular, Hannover points to the provision requiring that "[ACW] and any involved insured must….cooperate with [Hannover] in the investigation and settlement of the claim or defense against the suit…." (Policy at 49.) If coverage were found, Hannover argues that the Andrews would have the impossible task of prosecuting their action against ACW while simultaneously defending against the action as ACW's sole officers. For example, the Andrews would receive privileged defense communications in their official capacities, while also prosecuting the case as plaintiffs. According to Hannover, the proper remedy is to bar coverage to avoid this absurd result.

The Court similarly finds these conflicts problematic. It strains logic to imagine the Andrews prosecuting their case against ACW without compromising ACW's proper defense against suit. It is not lost on the Court that the action was filed only after coverage was denied under California law. (*See* JSF 13-14.) Also notable, Hannover has not alleged any improper conduct suggesting that the Court should ignore ACW's corporate form and identify the principles (rather than the corporation) as the insured.

The reality is that Hannover could have avoided this potentially absurd result by including different policy language. It did not. Because the plain language of the Policy does not bar coverage under the cross suits exclusion, the Court's inquiry need not proceed further. *See Dore*,

9

39 Cal.4th at 393.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED** and defendant's motion for summary judgment is **GRANTED**.

This Order terminates Docket Numbers 37, 38.

**IT IS SO ORDERED.**

Dated:  November 10, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**